IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

UNITED STATES OF AMERICA,  )
)
v.  ) Criminal Action No. 3:13CR114–HEH
)
JAQUAN C. DOUGLAS,  )
)
Defendant.  )

## MEMORANDUM OPINION
(Granting § 2255 Motion)

Jaquan C. Douglas, a federal inmate proceeding with counsel, filed this successive 28 U.S.C. § 2255 Motion ("§ 2255 Motion," ECF No. 52) arguing that his firearm convictions are invalid under *Johnson v. United States*, 135 S. Ct. 2551 (2015).[1] The Government initially filed a Motion to Dismiss the § 2255 Motion contending that it is barred by the relevant statute of limitations. (ECF No. 56.) Thereafter, the Court ordered further briefing. In its most recent Supplemental Memorandum, the Government now argues that Douglas's claim is procedurally defaulted and barred from review here. (ECF No. 64, at 6–12.) The Government also asks in the alternative that, if the Court "were to disagree with the government's arguments about the validity of the defendant's § 924(c) conviction on Count Three and were to vacate that conviction, it should order a resentencing at which defendant and the government can urge an appropriate new

---

[1] Counsel filed the § 2255 Motion on June 24, 2016. (ECF No. 52.) Three days later Douglas filed a *pro se* § 2255 motion. (ECF No. 54.) However, on July 28, 2016, Douglas filed a Notice of Statement by Movant wherein he represents that he wishes counsel to file the § 2255 motion on his behalf. (ECF No. 59.) Accordingly, the operative § 2255 motion before the Court is the version filed by counsel on June 24, 2016 and the Court will not consider the *pro se* § 2255 motion.

sentence." (*Id.* at 12.) For the reasons discussed below, the § 2255 Motion will be granted.

## I. PROCEDURAL HISTORY

On August 26, 2013, Douglas was charged by Criminal Information with: conspiracy to obstruct, delay, and affect, and attempt to obstruct, delay, and affect commerce by robbery by means of actual and threatened force and violence, in violation of 18 U.S.C. § 1951(a) ("conspiracy to commit Hobbs Act robbery") (Count One); aiding and abetting credit union robbery, in violation of U.S.C. §§ 2113(a) and 2 (Count Two); discharging a firearm in furtherance of a crime of violence, to wit, conspiracy to commit Hobbs Act robbery "as charged in in Count One, Overt Act 2, of this criminal information," in violation of 18 U.S.C. § 924(c) and 2 (Count Three); and aiding and abetting brandishing a firearm in furtherance of a crime of violence, to wit, aiding and abetting credit union robbery, as charged in Count Two (Count Four). (ECF No. 30, at 1–5.)

On September 13, 2013, Douglas pled guilty to Counts One through Four. (ECF No. 34, at 1–2.)

On December 17, 2013, the Court sentenced Douglas to twelve months on Counts One and Two to be served concurrently, 120 months on Count Three to be served consecutively to Counts One and Two, and 300 months on Count Four to be served consecutively to Counts One, Two, and Three. (J. 2, ECF No. 46.) Douglas did not appeal.

On June 24, 2016, Douglas filed his § 2255 Motion arguing that his conviction and sentence in Count Three must be vacated in light of *Johnson v. United States*, 135 S. Ct. 2551 (2015). Initially, the Government responded by moving to dismiss the § 2255 Motion on the ground that it was barred by the statute of limitations. As discussed below, after the Court required further briefing in light of recent decisions from the Fourth Circuit and the Supreme Court, the Government abandoned that defense.

## II. ANALYSIS

In *Johnson v. United States* 135 S. Ct. 2551 (2015), the Supreme Court held "that imposing an increased sentence under the residual clause of the Armed Career Criminal Act [("ACCA")] violates the Constitution's guarantee of due process." *Id.* at 2563.[2] The *Johnson* Court concluded that the way the Residual Clause of the ACCA, 18 U.S.C. § 924(e)(2)(B)(ii), defined "violent felony" was unconstitutionally vague because the clause encompassed "conduct that presents a serious potential risk of physical injury to another," which defied clear definition. *Id.* at 2557–58 (citation omitted). Subsequently, in *Welch v. United States*, 136 S. Ct. 1257 (2016), the Supreme Court held that "*Johnson*

---

[2] The ACCA provides that

> [i]n the case of a person who violates section 922(g) of this title and has three previous convictions by any court referred to in section 922(g)(1) of this title for a violent felony or a serious drug offense, or both, committed on occasions different from one another, such person shall be fined under this title and imprisoned not less than fifteen years . . . .

18 U.S.C. § 924(e)(1). Under the Residual Clause, the term violent felony had been "defined to include any felony that 'involves conduct that presents a serious potential risk of physical injury to another.'" *Johnson*, 135 S. Ct. at 2555 (quoting 18 U.S.C. § 924(e)(2)(B)).

announced a substantive rule [of law] that has retroactive effect in cases on collateral review." *Id.* at 1268.

In his § 2255 Motion, Douglas asserts that after *Johnson*, conspiracy to commit Hobbs Act robbery can no longer qualify as a crime of violence under 18 U.S.C. § 924(c)(3), and thus, his conviction for Count Three must be vacated.[3] As explained below, recent decisions from the Supreme Court and the Fourth Circuit support Douglas's challenge to Count Three where his firearm conviction was predicated upon conspiracy to commit Hobbs Act robbery.

### A. Conspiracy to Commit Hobbs Act Robbery Cannot Serve As a Valid Predicate Crime of Violence for the § 924(c) Charge in Count Three

Title 18 U.S.C. section 924(c)(1)(A) provides for consecutive periods of imprisonment when a defendant uses or carries a firearm in furtherance of a crime of violence. The baseline additional period of imprisonment is five years. 18 U.S.C. § 924(c)(1)(A)(i). If the defendant brandishes the firearm, the additional period of imprisonment increases to at least seven years. *Id.* § 924(c)(1)(A)(ii). And, if the defendant discharges the firearm, the additional period of imprisonment increases to at least ten years. *Id.* § 924(c)(1)(A)(iii).

At the time of Douglas's convictions, the United States could demonstrate that an underlying offense constitutes a crime of violence if it established that the offense is a

---

[3] Douglas does not argue that Count Four is invalid. *See* § 2255 Mot. 1 n.2. The predicate offense underlying the § 924(c) charge in Count Four was the credit union robbery charged in Count Two and this remains a valid predicate under the force clause. *See United States v. McNeal*, 818 F.3d 141, 152 (4th Cir. 2016).

4

felony and satisfies one of two requirements. Namely, the statute defined a crime of violence as any felony:

> (A) [that] has as an element the use, attempted use, or threatened use of physical force against the person or property of another [(the "Force Clause")], or
> (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense [(the "Residual Clause")].

*Id.* § 924(c)(3). The Supreme Court recently invalidated the Residual Clause. *United States v. Davis*, 139 S. Ct. 2319, 2336 (2019) (holding that "§ 924(c)(3)(B) is unconstitutionally vague").

A defendant is guilty of Hobbs Act robbery if he or she "obstructs, delays, or affects commerce or the movement of any article or commodity in commerce, by robbery . . . or attempts or conspires so to do . . . ." 18 U.S.C. § 1951(a). That statute defines "robbery" as

> the unlawful taking or obtaining of personal property from the person or in the presence of another, against his [or her] will, by means of actual or threatened force, or violence, or fear of injury, immediate or future, to his [or her] person or property, or property in his [or her] custody or possession, or the person or property of a relative or member of his [or her] family or of anyone in his [or her] company at the time of the taking or obtaining.

*Id.* § 1951(b)(1). The Fourth Circuit recently determined that conspiracy to commit Hobbs Act robbery fails to satisfy the Force Clause. *See United States v. Simms*, 914 F.3d 229 (4th Cir. 2019).

In *Simms*, the defendant pled guilty to conspiracy to commit Hobbs Act robbery and to brandishing a firearm during and in relation to a "crime of violence," but later challenged his brandishing conviction on the theory that Hobbs Act conspiracy could not

5

be considered a "crime of violence" under 18 U.S.C. § 924(c)(3). 914 F.3d at 232–33.
Initially, the parties and the Fourth Circuit agreed that,

> conspiracy to commit Hobbs Act robbery—does not categorically qualify as a crime of violence under the [Force Clause], as the United States now concedes. This is so because to convict a defendant of this offense, the Government must prove only that the defendant agreed with another to commit actions that, if realized, would violate the Hobbs Act. Such an agreement does not invariably require the actual, attempted, or threatened use of physical force.

*Id.* at 233–34 (citations to the parties' material omitted). Thereafter, the Fourth Circuit concluded that the Residual Clause of § 924(c) is void for vagueness. *Id.* at 236; *accord United States v. Davis*, 139 S. Ct. 2319, 2336 (2019) (holding that "§ 924(c)(3)(B) is unconstitutionally vague").

In the wake *Davis* and *Simms*, in other cases before this Court, the Government has conceded that "conspiracy to commit Hobbs Act robbery cannot serve as valid predicate crime of violence for [a] § 924(c) charge" and agreed to vacating the conviction and sentence. *United States v. Oliver*, No. 3:11CR63-HEH, 2019 WL 3453204, at *3 (E.D. Va. July 30, 2019). In the present case, the Government does not dispute that the conspiracy to commit Hobbs Act robbery cannot serve as valid predicate crime of violence for the § 924(c) charge in Count Seven. Nevertheless, the Government contends that Douglas is not entitled to relief because he procedurally defaulted any challenge to his conviction based on *Johnson*. As explained below, infra Part II.C, this argument is unpersuasive.

B.   The Government's Abandoned Statute of Limitations Argument

Initially, the Government filed a Motion to Dismiss the § 2255 Motion contending that it is barred by the relevant statute of limitations.[4] However, it appears that the Government has abandoned this argument in its Supplemental Memorandum.[5] The Government's decision not to pursue this defense is wise because it seems that *Davis* announced a new rule of constitutional law retroactively applicable to cases on collateral review which would entitle Douglas to a belated commencement of the limitation period under 28 U.S.C. § 2255(f)(3).[6] Because the Government has abandoned its statute of limitation argument, the Court will not address it further.

---

[4] Section 101 of the Antiterrorism and Effective Death Penalty Act ("AEDPA") amended 28 U.S.C. § 2255 to establish a one-year period of limitation for the filing of a § 2255 Motion. As pertinent here, 28 U.S.C. § 2255(f) now reads:

> (f)   A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of—
> (1)   the date on which the judgment of conviction becomes final;
> . . . .
> (3)   the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review. . . .

28 U.S.C. § 2255(f).

[5] The Court directed the Government to file supplemental briefing in light of the Fourth Circuit's decision in *Simms*. The Government then sought a stay until the Supreme Court announced its decision *Davis*. When the Government eventually filed its Supplemental Memorandum, although it raised a number of procedural defenses, it did not renew the argument that the § 22255 Motion was barred by the statute of limitations.

[6] This provision delays the commencement of the limitation period until "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." 28 U.S.C. § 2255(f)(3). The Supreme Court makes a case retroactive on collateral review through a single express holding or by multiple cases "if the holdings in those cases

7

## C. Douglas Has Demonstrated Cause and Prejudice to Excuse His Default

A change in the law may constitute cause for a procedural default if it creates "a claim that 'is so novel that its legal basis is not reasonably available to counsel.'" *Bousley v. United States*, 523 U.S. 614, 622 (1998) (quoting *Reed v. Ross*, 468 U.S. 1, 16 (1984)). In *Reed*, the Court identified three nonexclusive situations in which an attorney may lack a "reasonable basis" to raise a novel claim:

> First, a decision of this Court may explicitly overrule one of our precedents. Second, a decision may "overtur[n] a longstanding and widespread practice to which this Court has not spoken, but which a near-unanimous body of lower court authority has expressly approved." And, finally, a decision may "disapprov[e] a practice this Court arguably has sanctioned in prior cases."

*Reed*, 468 U.S. at 17 (alterations in original) (internal citations omitted) (quoting *United States v. Johnson*, 457 U.S. 537, 551 (1982)).

Under *Reed*, Douglas has shown cause for failing to assert a vagueness challenge to the Residual Clause of § 924(c) at trial or on direct appeal. The Court entered judgment on Douglas's case on December 17, 2013. (ECF No. 34.) Prior to that time the Supreme Court already had rejected a vagueness challenge to the ACCA's nearly identical Residual Clause in *James v. United States*, 550 U.S. 192 (2007). In 2011, the Supreme Court reaffirmed *James* in *Sykes v. United States*, 564 U.S. 1 (2011).

In 2015, in *Johnson*, the Supreme Court invalidated the ACCA's Residual Clause as unconstitutionally vague. "In doing so, the Supreme Court recognized it previously

---

necessarily dictate the retroactivity of the new rule." *Tyler v. Cain*, 533 U.S. 656, 666 (2001). *Welch*, which held *Johnson* to be a new rule and retroactive, "logically permit[s] no other conclusion than that the rule [in *Davis*] is retroactive." *Id.* at 669 (O'Connor, J. concurring).

8

had 'rejected suggestions by dissenting Justices that the residual clause violates the Constitution's prohibition of vague criminal laws' in *James* and *Sykes* and declared '[o]ur contrary holdings in *James* and *Sykes* are overruled.'" *Rose v. United States*, 738 F. App'x 617, 626 (11th Cir. 2018) (quoting *Johnson*, 135 S. Ct. at 2556, 2563). Thereafter, the rule in *Johnson* was made retroactive to cases on collateral review. *See Welch*, 136 S. Ct. at 1268.

If Douglas were challenging ACCA's Residual Clause his "case [would] fall[] within the first situation identified in *Reed*: when the Supreme Court ultimately invalidated the residual clause as unconstitutionally vague in *Johnson* in 2015, it 'explicitly overrule[d]' two of its own precedents on the exact same issue." *Rose*, 738 F. App'x at 627 (third alteration in original) (quoting *Reed*, 468 U.S. at 17). Nevertheless, given the similarity between the ACCA's Residual Clause and § 924(c)'s Residual Clause, Douglas satisfies the third circumstance identified in *Reed*: the decision in *Johnson* disapproved "a practice [the Supreme] Court arguably has sanctioned in prior cases." *Reed*, 468 U.S. at 17 (quoting *Johnson*, 457 U.S. at 551). "[T]he Supreme Court's jurisprudence prior to *Johnson* effectively foreclosed any attacks on § 924(c)(3)(B). The Supreme Court's 'sanction of the prevailing practice' of concluding risk of force/injury statutes were not unconstitutional was fairly direct." *Lee v. United States*, Nos. CV–16–8138–PCT–JAT (JFM), CR–05–0594–PCT–JAT, 2018 WL 4906327, at *17 (D. Ariz. July 6, 2018), *report and recommendation adopted as modified sub nom. Lee v. USA*, Nos. CV-16-08138-PCT-JAT, CR-05-594-PCT-JAT, 2018 WL 4899567 (D. Ariz. Oct. 9, 2018) (citations omitted); *see Dota v. United States*, 368 F.

9

Supp. 3d 1354, 1362 (C.D. Cal. 2018) ("It was only after the Supreme Court invalidated the residual clause of the ACCA in Johnson, and certainly after the Supreme Court invalidated the identically worded residual clause of § 16(b), that Petitioner's current claim—that the residual clause of § 924(c)(3)(B) was unconstitutionally vague—lost its novelty."); *Royer v. United States*, 324 F. Supp. 3d 719, 736 (E.D. Va. 2018). Thus, in 2013, Douglas did not have a "reasonable basis" upon which to raise a vagueness challenge to the Residual Clause of 924(c). *Reed*, 468 U.S. at 17. "And as a result, his failure to do so 'is sufficiently excusable to satisfy the cause requirement.'" *Rose*, 738 F. App'x at 627 (quoting Reed, 468 U.S. at 17).

In order to demonstrate prejudice, Douglas must show a "reasonable probability" that, without the error, the result of the proceedings would have been different. *Strickler v. Greene*, 527 U.S. 263, 289 (1999). It is now plain that the Court erroneously treated conspiracy to commit Hobbs Act robbery as a viable predicate for Douglas's § 924(c) conviction. That error added 120 months to Douglas's sentence. Therefore, Douglas has demonstrated prejudice. *Royer*, 324 F. Supp. 3d at 736.

### D. Count Three Must Be Vacated

In light of *Davis*'s invalidation of the Residual Clause and the Fourth Circuit's determination in *Simms* that conspiracy to commit Hobbs Act robbery is not a valid predicate violent felony under the Force Clause, Douglas's conviction in Count Three and resulting 120-month sentence is no longer valid. Accordingly, Douglas's conviction and sentence on Count Three will be vacated.

## III. CONCLUSION

The Government's Motion to Dismiss (ECF No. 56) will be denied. The § 2255 Motion (ECF No. 52) will be granted. The Clerk is directed to terminate the *pro se* § 2255 motion and *in forma pauperis* application because it is unnecessary. (ECF No. 54, 55.) Douglas's conviction and sentence on Count Three will be vacated. The matter will be set for a resentencing.

An appropriate Order shall accompany this Memorandum Opinion.

Date: Sept. 24, 2015
Richmond, Virginia

/s/
HENRY E. HUDSON
SENIOR UNITED STATES DISTRICT JUDGE